

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV-16-226

| | |
|---|---|
| | **Opinion Delivered** SEPTEMBER 28, 2016 |
| RANDI WHEATLEY APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63JV-2014-317] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN APPELLEES | HONORABLE GARY ARNOLD, JUDGE AFFIRMED |

## DAVID M. GLOVER, Judge

Randi Wheatley appeals from a December 14, 2015 order placing permanent custody of her two children, K.W. and J.W., with Randi's father and stepmother, granting them sole discretion concerning Randi's visitation with the children, and closing the case. We affirm.

On August 12, 2014, the trial court entered an emergency ex parte order, allowing the Arkansas Department of Human Services (DHS) to take custody of Daniel Wedsted's and Randi Wheatley's two children, K.W. and J.W. K.W., who was eleven months old at the time, had been admitted to the hospital with a broken clavicle, bruising, and bleeding in his testicles. He also had an older, healing fracture to his left ulna. In addition, Randi and DHS had a history concerning her other child, J.W. J.W. had earlier been found dependent–neglected based on bruises, which Randi admitted having caused and for which she had been found criminally responsible. A probable-cause order in the instant case was entered

on August 13, 2014. On October 7, 2014, the children were adjudicated dependent-neglected. Randi was ordered to attend counseling, to complete parenting classes, to have a psychological evaluation, to follow the psychologist's recommendations, to attend anger-management classes, and to comply with the case plan and follow all court orders.

On August 4, 2015, the trial court entered a permanency-planning order in which it expressed its continuing concerns about the children's safety if they were returned to Randi's care, even though she was complying with much of the case plan. The trial court stated in the order that it was "very tempted to close the case today by placing the juveniles in the permanent custody of Rhonda and Andy Wheatley, their maternal grandfather and stepgrandmother, who have cared for these boys for much of their lives," but instead gave Randi "three (3) more months to convince it otherwise." Following the entry of this order, the Arkansas State Police Crimes Against Children Division investigated an allegation of suspected child maltreatment concerning K.W. as the alleged victim and Rhonda (the step-grandmother) as the alleged offender. On September 16, 2015, the Division issued its determination that the allegations were not supported by a preponderance of the evidence and were therefore unsubstantiated.

Following a hearing in November, the trial court entered its December 14, 2015 "Closure Order from Fifteenth Month Permanency Planning Hearing." In this order, the trial court stated that it was not satisfied the children would ever be safe in Randi's custody, placed the children in the permanent custody of Rhonda and Andy Wheatley, left visitation in Rhonda and Andy's sole discretion, and closed the case.

Randi filed her notice of appeal from the closure order on January 4, 2016. She contends 1) this court should reverse because the order was based on a mistake of fact by the trial court; 2) Randi could not be required to remedy an issue she was never found to have committed; and 3) it was erroneous for the trial court to deny regular visitation. Daniel Wedsted does not appeal. We find no basis for reversal.

Our standard of review in juvenile proceedings is de novo, and we do not reverse unless the trial court's findings are clearly erroneous. *Metcalf v. Arkansas Dep't of Human Servs.*, 2015 Ark. App. 402, 466 S.W.3d 426. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* We give due deference to the superior position of the circuit court to view and judge the credibility of the witnesses. *Id.* This deference is even greater in cases involving child custody, as a heavier burden is placed on the judge to utilize to the fullest extent his or her powers of perception in evaluating the witnesses, their testimony, and the best interest of the children. *Id.*

Randi's first two points are so interrelated that they can best be discussed together. We begin by recapping the arguments raised in each point and then discuss our resolution of them together.

As her first point, Randi argues the order she appeals was based on a mistake of fact by the trial court and should therefore be reversed. She notes that at the dependency-neglect adjudication hearing, the trial court declined to make a ruling regarding whether she was the one who actually abused K.W. She then contends that, in the order she is appealing, the trial court's decision was based upon its finding that Randi refused to admit she had caused

the injuries to K.W. She argues the mistake in fact is the trial court's mistaken belief that she was proven and adjudicated to be the perpetrator of K.W.'s abuse.

For her second point, Randi contends it was error for her to be required to prove she remedied the physical abuse of K.W. when she had never been found to have committed the abuse in the first place. She asks this court to reverse the trial court's order and remand the case for proceedings with the understanding that she was never found to have abused K.W.

Both points I and II are premised upon Randi's contention that in reaching its decision, the trial court relied upon a mistaken belief that it had earlier found her to be actually responsible for having abused K.W. Paragraph 5 of the order provides,

> 5. The Court simply cannot overlook, and has a difficult time with, the seriousness of the injuries to [K.W.] in this case and the substantially similar injuries to [J.W.] in a prior case. At the time of each profound injury, the boys were in the custody of their mother. Arguendo, if she was not the perpetrator, which clearly cannot be ruled out, she was the custodial parent and sole caretaker at the time of each incident. She continues to insist that she did not cause these present injuries, in spite of her admission at the time of the injuries and this Court's finding so at the adjudication hearing over a year ago. In the prior case where she injured [J.W.], she admitted having done so, even pleading to criminal charges; now, she claims she took the blame for someone else, the actual perpetrator. The Court finds no difference in her then admitting to something she did not do and her now refusing to admit what the Court has already concluded she did. She is simply uncredible. Though she participated in services and a second psychological evaluation [by] Dr. DeYoub, but as clearly indicated in that second report, the Court is not satisfied that the juveniles would ever be safe in [Randi's] custody.

While we agree the closure order is not a model of clarity, we are not convinced the trial court based its decision on a mistaken belief that it had earlier found her to be the perpetrator of K.W.'s abuse. The confusion lies primarily in the fact that in an earlier incident involving abuse of J.W., Randi admitted having abused him. In the context of the instant matter

involving K.W.'s abuse, not only did she deny abusing K.W., but further contended she had lied about abusing J.W. and had never actually abused J.W. either. Paragraph 5 recounts this history of changing her stories in support of its conclusion that "[s]he is simply uncredible." In the process, the order admittedly becomes a little murky. However, we think it is more than clear that the trial court, in reaching its decision to award permanent custody of the children to the grandparents, relied upon its determination that, regardless of who did the actual abusing, Randi was not protecting the children from that abuse, and the children were not safe in her care. For example, at the conclusion of the January 4, 2016 hearing, the trial court commented, "I cannot overlook or I had a difficult time with the seriousness of the injuries both to K.W. and previously to J.W. In both instances they were in their mother's custody and it's not completely clear that she was the perpetrator, she certainly can't be ruled out as the perpetrator, and in the very best she was responsible to the extent that she is the custodian parent, she was the custodial parent, in each of those instances."

We are not left with a definite and firm conviction that the trial court's finding was a mistake or that in making its finding it was operating under a mistaken belief that the court had earlier found Randi to be the actual perpetrator of K.W.'s abuse. Rather, it was operating under the conviction that, regardless of whether Randi had been the actual abuser or had failed to protect her children from the abuse, they were not safe in her care.

For her last point, Randi contends the trial court erred in denying her regular visitation. DHS and the attorney ad litem take the position that Randi's argument is premature. We agree. The trial court did not deny Randi regular visits with the children;

5

rather, the court left visitation to the sole discretion of the grandparents. There is no evidence Rhonda and Andy are denying Randi visitation or that they are not granting her regular visitation, and she has not provided us with any legal authority or convincing argument that giving the children's permanent custodians "sole discretion" over visitation under the circumstances presented here is per se error. *See Sawada v. Walmart Stores, Inc.*, 2015 Ark. App. 549, 473 S.W.3d 60 (refusing to consider arguments not supported by convincing argument or citation to legal authority). Randi can petition the court for modification of the discretionary visitation at any time if Rhonda and Andy Wheatley unreasonably deny her visitation altogether or if they unreasonably deny her regular visitation.

Affirmed.

GLADWIN, C.J., and VIRDEN, J., agree.

*Tabitha McNulty*, Ark. Pub. Defender Comm'n, for appellant.

*Andrew Firth*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.